IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SGT. JONATHAN T. TUE, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-1203-RGA |
| WILMINGTON CITY POLICE DEPARTMENT, | : |
| Defendant. | : |

Sgt. Jonathan T. Tue, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 19, 2013
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Sgt. Jonathan T. Tue filed this action alleging discrimination by reason of color. He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 5.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

Plaintiff alleges that his vehicle was taken from him and that Officer Holden made false statements, gave him false information, would not conduct an investigation, and would not recover Plaintiff's vehicle. In addition, Plaintiff is in the Army Reserves and there was military equipment in the vehicle. Plaintiff filed this action as a result of Holden's "misconduct." Plaintiff filed his complaint on an employment discrimination complaint form, but the civil cover sheet indicates that the action is brought pursuant to Delaware criminal statutes, 11 Del. C. §§ 206, 253, and 263. Plaintiff seeks compensatory damages.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions, including ones that fail to state a claim. See 28 U.S.C. § 1915(e)(2). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. See *Phillips v. County of Allegheny*, 515 F .3d 224, 229 (3d Cir. 2008).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. See *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), the

Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

While not clear (since Plaintiff's cover sheet cites Delaware law as the basis for filing suit), it could be Plaintiff filed this action pursuant to 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff does not do that here.

The sole defendant is the Wilmington City Police Department. Because the Wilmington Police Department falls under the umbrella of the City of Wilmington, for screening purposes, the Court analyzes the claim as if the Wilmington Police Department were a municipality. A plaintiff seeking to recover from a municipality under § 1983 must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the Cnty. Comm'rs v. Brown,* 520 U.S. 397, 404 (1997).

Plaintiff has not pled that Wilmington Police Department was the "moving force" behind any alleged constitutional violation. Indeed, the Complaint contains no allegations against the police department other than to name it as a defendant. Absent any allegation that a custom or policy established by the Wilmington Police Department,

3

directly caused harm to Plaintiff, his § 1983 claim cannot stand. However, since it is not inconceivable that Plaintiff may be able to articulate a claim against it (or, more plausibly, name alternative defendants), he will be given an opportunity to amend his pleading. See O'Dell v. United States Gov't, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

For the above reasons, the complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given leave to amend the complaint.

An appropriate order will be entered.