IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONATHAN T. TUE, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-1203-RGA |
| WILMINGTON CITY POLICE DEPARTMENT, | : |
| Defendant. | : |

Jonathan T. Tue, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 19, 2013
Wilmington, Delaware

*[signature]*
**ANDREWS, U.S. District Judge:**

Plaintiff Jonathan T. Tue filed this action on July 1, 2013. He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 5.) On September 19, 2013, the Court reviewed and screened the Complaint (D.I. 3) pursuant to 28 U.S.C. § 1915(e)(2)(b), dismissed the Complaint for failure to state a claim upon which relief may be granted, and gave Plaintiff leave to amend. (D.I. 6, 7.) Plaintiff filed an Amended Complaint on October 15, 2013. (D.I. 9.)

Plaintiff alleges that his vehicle was taken from him and that Wilmington Police Officer Holden did not take action against the person who perpetrated the theft. Plaintiff alleges that Holden is believed to be in collusion with the perpetrator. On April 15, 2013, Plaintiff filed a citizen complaint against Holden with the Wilmington Police Department. Plaintiff seeks relief pursuant to Delaware criminal statutes, 11 Del. C. §§ 206, 253, and 263. Plaintiff seeks compensatory damages for the loss of his vehicle, personal belongings, and equipment issued to him by the United States Military.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions, including ones that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if

it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement

2

to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

Despite the opportunity to amend, Plaintiff failed to cure the pleading defects. The sole defendant is the Wilmington City Police Department. The Amended Complaint, however, contains no allegations against the Wilmington Police Department. To the extent Plaintiff raises a claim pursuant to 42 U.S.C. § 1983, the Amended Complaint fails to properly allege a constitutional violation. As discussed in the Court's September 19, 2013 Opinion and Order, a plaintiff seeking to recover from a municipality under § 1983 must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of Cnty. Comm'rs*

3

*v. Brown,* 520 U.S. 397, 404 (1997). The Amended Complaint contains none of these pleading requirements.

In addition, Plaintiff is quite clear that he raises his claims pursuant to Delaware criminal law. To the extent Plaintiff seeks to impose criminal liability upon Defendant pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Accordingly, the claims will be dismissed as frivolous pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

For the above reasons, the Amended Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile. Plaintiff was provided an opportunity to correct his pleading deficiencies, to no avail. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (The court may curtail or deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment.").

An appropriate order will be entered.